## James Irwin et al. v. F. A. Bishop.

1. VERDICTS—*Upon Conflicting Evidence.*—The court discusses the evidence, and although of opinion that there was some conflict upon several material points, conclude that it was for the jury to say what the truth was, and that their verdict was amply justified by the evidence in the record.

Assumpsit, on a promissory note. Appeal from the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1897. Affirmed. Opinion filed April 8, 1898.

EDWARD MAHER and CHARLES C. GILBERT, attorneys for appellants.

REMY & MANN, attorneys for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The appellee signed and indorsed his promissory note for

$700, payable thirty days after date to the order of himself, and delivered it to a broker for the purpose of having him procure the note to be discounted, and turn over to appellee the proceeds, less a broker's commission.

The broker wrongfully delivered the note to one Helm without consideration, and Helm delivered the note to appellants in pursuance of an understanding, as Helm testified, that they would make inquiry of appellee about the note, and if the inquiry should result to their satisfaction they would discount the note with Helm's indorsement, take out about $500 owed them by a woman to whom Helm was indebted, and give Helm the balance in cash.

Appellants did, on a subsequent day, inquire of the appellee about the note, and were told by appellee that he had received no consideration for it, and that no one had authority to make any such arrangement with it, and a surrender of the note was demanded by the appellee, but was refused.

So, also, did appellants refuse to return the note to Helm or to discount it for him.

Appellants gave no credit for the note or any part of it upon their account against the woman who was indebted to them, and never paid anything whatever to Helm or anybody else for the note, and appellee never received from anybody any consideration for the note.

Appellants' claim is that they accepted the note from Helm when it was first handed to them, for the consideration of their forbearance to sue the woman and close up her hotel, and that they also relinquished their claim against her; and also that they did not know at the time the note was delivered to and accepted by them from Helm, of any failure of consideration to the maker of the note.

The strong probabilities from the evidence are, as must have been found by the jury, that the appellants did not accept the note at the time it was delivered to them and before they knew that Helm had no authority to dispose of it, to pay the woman's debt with. Their refusal to surrender the note to appellee upon his demand for it, was not necessarily an exercise of legal right to hold the note because of

having in good faith and for value purchased it, but was, more probably, in order, as testified by appellee, to enable them to return it to Helm, from whom they received it.

Besides, the appellants' theory that the transaction was a completed one on the day the note was delivered to them, is largely overthrown by the fact that nothing was then paid by them for the $300 represented by the note in excess of the woman's indebtedness to them. The circumstances and situation of Helm and the woman at the time, as fairly inferable from the evidence, make it exceedingly improbable that Helm parted with a concededly good $700 note for no purpose except to secure an indebtedness of $400 owing by a third party. The facts and circumstances, with the legitimate inferences derivable therefrom, were sufficient for the jury to conclude that the transaction between Helm and the appellants was never a completed one, and that appellants never acquired a title to the note, but that appellants' determination to keep the note was an afterthought, when it became apparent that their claim against the woman was desperate, to which Helm never assented.

Although there was some conflict in the evidence upon several material points, it was for the jury to say what the truth was, and from a careful consideration of the entire record, we think the verdict was amply justified.

If we concede that there was error in modifying the appellants' second instruction, it was not prejudicial. Taken together, the instructions, as given, presented the law of the case to the jury quite as favorably to the appellants as they were entitled to have done.

The judgment of the Superior Court is affirmed.